IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

CLAUDE CARTER,                )
                              )
      Plaintiff,          )
                              )
                              )   CIV-06-977-M
v.                            )
                              )
JUSTIN JONES, et al.,         )
                              )
      Defendants.         )

REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this civil rights action pursuant to 42 U.S.C. §1983. The Complaint seeks damages and equitable relief for due process violations in connection with an institutional disciplinary proceeding and also seeks relief in the form of expungement of an institutional disciplinary misconduct and sanctions imposed for the misconduct. With respect to this latter claim for relief, the Complaint is construed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Pursuant to 28 U.S.C. §§ 1915A(a) and 1915(e)(2), the undersigned has conducted an initial review of the sufficiency of the Complaint. For the following reasons, it is recommended that the cause of action be dismissed without prejudice for failure to state a claim for relief with respect to Plaintiff's claims under 42 U.S.C. § 1983

and dismissed with prejudice as duplicative with respect to Plaintiff's claims under 28 U.S.C. § 2241.

I. <u>Initial Review under 28 U.S.C. §§1915A(a) and 1915(e)(2)</u>

In considering a civil complaint filed by a prisoner, the court has the responsibility to screen as soon as possible a complaint in a civil action filed by a prisoner in which the prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). On review, the court must dismiss a prisoner's cause of action seeking relief from a governmental entity or officer or employee of a governmental entity at any time the court determines the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or if the prisoner seeks monetary relief from a defendant who is immune from such a claim. 28 U.S.C. § 1915A(b). Pursuant to 28 U.S.C. § 1915(e)(2)(B), the court must dismiss a cause of action filed *in forma pauperis* against any defendant at any time the court determines one of the above is present.

A complaint should not be dismissed for failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1109 (10th Cir. 1991).[1] In reviewing the sufficiency of the complaint, the court presumes all of the plaintiff's factual allegations to be true and construes them in the light most favorable to the plaintiff. <u>Id.</u>  A *pro se*

---

[1]The "standard for dismissal for failure to state a claim is essentially the same under" both Fed. R. Civ. P. 12(b)(6) and 28 U.S.C. §1915(e)(2)(B)(ii). <u>Curley v. Perry</u>, 246 F.3d 1278, 1283 (10th Cir.), <u>cert. denied</u>, 534 U.S. 922 (2001).

plaintiff's complaint must be broadly construed under this standard. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the "broad reading" of *pro se* complaints dictated by Haines "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall, 935 F.2d at 1110. The court reviewing the sufficiency of a complaint "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-1174 (10th Cir. 1997).

II. Claims under 42 U.S.C. § 1983

In his Complaint, Plaintiff asserts that on February 19, 2005, he was charged with the misconduct of Disobedience to Orders, that he was subsequently found guilty of the misconduct in disciplinary proceedings conducted at the Great Plains Correctional Facility, that he appealed the misconduct conviction to the Director of the Oklahoma Department of Corrections, and that the appeal was dismissed on the basis that it was untimely. Named as Defendants in the instant Complaint are five officials employed by the Oklahoma Department of Corrections ("DOC") and three officials employed by Great Plains Correctional Facility ("GPCF"), a private prison.

In the Complaint, Plaintiff alleges that he was denied due process with respect to the disciplinary proceedings because (1) he was denied the right to obtain the statement of a witness, his "Visitor" at the time of the alleged misconduct; (2) he was denied access to the surveillance video recording the alleged misconduct; (3) there was no evidence to support the misconduct; (4) he was not provided adequate notice of the disciplinary charge because

the Misconduct/Offense report issued with respect to the misconduct did not satisfy the requirements of DOC policy OP-060125; and (5) he was denied an administrative appeal of the misconduct through no fault of his own.

Plaintiff provide no documentary evidence with respect to the allegedly unconstitutional disciplinary proceeding. However, the undersigned takes judicial notice of this Court's records showing that Plaintiff has filed another pending matter in this Court seeking habeas relief with respect to the same institutional disciplinary proceeding. Claude Carter v. Justin Jones, Case No. CIV-06-682-R. Attachments to Plaintiff's 28 U.S.C. § 2241 petition for writ of habeas corpus filed in that case show that Plaintiff was found guilty of the misconduct of Disobedience to Orders in a disciplinary hearing conducted on April 19, 2005, and sanctions were imposed for the misconduct, including the forfeiture of 120 days of earned credits.

As relief for the alleged constitutional deprivations asserted in the instant cause of action, Plaintiff demands monetary damages in excess of eight million dollars and other equitable relief pursuant to 42 U.S.C. § 1983. Plaintiff's cause of action seeking damages and equitable relief with respect to institutional disciplinary proceedings under 42 U.S.C. § 1983 should be dismissed without prejudice. In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court recognized that damages may not be recovered in a 42 U.S.C. §1983 action "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" unless the plaintiff first proves "that the conviction or sentence has been reversed on direct appeal,

expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254." Id. at 487. Three years later, in Edwards v. Balisok, 520 U.S. 641 (1997), the Supreme Court extended the holding in Heck to actions challenging prison disciplinary proceedings. The Court held that a claim for damages and equitable relief brought by a state prisoner challenging the validity of procedures used to deprive him of earned credits is not cognizable under 42 U.S.C. § 1983 unless the prisoner can demonstrate that the sanctions imposed in the disciplinary proceeding have previously been invalidated. Id. at 643.

Plaintiff seeks damages for allegedly unconstitutional procedures employed in disciplinary proceedings at GPCF and sanctions imposed for the misconduct. Under these circumstances, and because Plaintiff has not shown that the misconduct has previously been invalidated, his request for damages and other relief pursuant to 42 U.S.C. § 1983 related to the prison disciplinary proceedings should be dismissed without prejudice under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) based on Heck and Edwards.

III. Claims Under 28 U.S.C. § 2241

Although Plaintiff has styled his cause of action a "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983," in the body of the Complaint Plaintiff asserts that "[d]ismissal and expungement is warranted of the misconduct/offense report issued on 02/19/05 by [correctional officer] Bare for a denial of Due Process of Law." Complaint, at 8. Plaintiff also asks that the Court "enter Habeas Corpus Order holding the 12-1 Disobedience to Order/Excessive Kissing Misconduct/Offense Void, for failure to provide due process" and

"order expungement of the Misconduct from Plaintiff's DOC Records." Complaint, at 10. To the extent that Plaintiff seeks expungement of the misconduct described in the Complaint and sanctions imposed for the misconduct, the claim is construed as one brought under 28 U.S.C. § 2241 seeking habeas relief. Taking judicial notice of the Court's own records, Petitioner filed a 28 U.S.C. § 2241 petition for writ of habeas corpus in this Court on June 22, 2006, Claude Carter v. Justin Jones, Case No. CIV-06-682-R, seeking the same relief with respect to the same disciplinary proceedings and misconduct conviction. Thus, the 28 U.S.C. § 2241 habeas claim asserted in this cause of action is duplicative of the Petitioner's pending habeas matter and should be dismissed with prejudice on this basis.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the 42 U.S.C. § 1983 cause of action seeking damages and equitable relief should be DISMISSED WITHOUT PREJUDICE as premature and that the 28 U.S.C. § 2241 cause of action seeking habeas relief should be DISMISSED WITH PREJUDICE as duplicative. Plaintiff's Motion for Clerk's Seal and Signature Upon Summons (Doc. # 5) and Motion for Service of Summons and Complaint on Defendant(s) by United States Marshall or Deputy (Doc. # 6) are DENIED. Plaintiff is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___October 11th___, 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Plaintiff is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of

both factual and legal issues contained herein. <u>Moore v. United States of America</u>, 950 F.2d 656 (10th Cir. 1991).

  This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

  ENTERED this   21st   day of   September  , 2006.

*[signature]*

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE